IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, alleged mentally ill and dangerous person, | ) ) ) | 8:09CV10 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| JOY WIESLER, et al., | ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 5, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 5, 2009, against twenty three individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues these Defendants in their personal capacity.[1] (*Id*. at CM/ECF p. 161.) Plaintiff is currently confined in the Norfolk Regional Center in Norfolk, Nebraska. (*Id*. at CM/ECF pp. 1-2.)

Condensed and summarized, Plaintiff alleges that Defendants abused and neglected him. (*Id*. at CM/ECF p. 4.) Plaintiff specifically alleges that Defendants "forcibly injected" him with medications that he is allergic to. (*Id*.) Plaintiff seeks monetary damages for the "abuse and neglect" he has endured. (*Id*.) Plaintiff also

---

[1] Plaintiff alleges that he sues each of the Defendants in their "personal version," however the court liberally construes "personal version" to mean personal capacity. (Filing No. 1 at CM/ECF p. 161.)

asks the court to exempt him from federal and state property tax requirements for any award he receives from this case. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

2

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

An individual has a constitutionally protected liberty interest in rejecting or avoiding the administration of antispsychotic medications. *United States v. Ghane*, 392 F.3d 317, 319 (8th Cir. 2004) (citing *Washington v. Harper*, 494 U.S. 210, 221-22 (1990)). However, the Due Process clause permits a state to treat a mentally ill individual with antipsychotic drugs against his will, if the individual is dangerous to himself or others and the treatment is in the individual's best interest. *Washington*, 494 U.S. at 227.

Liberally construed, Plaintiff alleges that Defendants violated his Due Process rights by forcibly injecting him with medications that he is allergic to. This allegation is sufficient to nudge Plaintiff's Due Process claims against Defendants across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants in their individual capacity may proceed and service is now warranted.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWENTY THREE (23) summons forms and TWENTY THREE (23) USM-285 forms (for service on Defendants in their individual capacity only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon

as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to [Fed. R. Civ. P. 4](#) and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. [Fed. R. Civ. Pro. 4](#) requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**June 30, 2009**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.**

March 2, 2009.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge