IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:09CV10 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOY WIESLER, DAWN COLLINS, JULIE REDWING, KARREN BRESSLER, MELODY WINTER, BEVE LEUTION, MONTEY MIDLETON, TYLENNE BEURER, DEAN GAURBER, DALE CLARK, NIEL HESSIE, KRISTY GRANNIGER, ANNETTE OTTIS, DIANNE SCHUMAKER, DIANE SYNOVIC, KENDRA TIEGIANT, JUDY ANDERSON, LIND ADAMS, LINDA HANSEN, TOM SOONTUG, STEPHEN ONIEL, PAUL SCHAUB, and LEANNE WICHE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions for Summary Judgment. (Filing Nos. 109, 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, 140, 142, and 144.) For the reasons set forth below, the court grants Defendants' Motions for Summary Judgment, and denies all other pending motions as moot.

### *FAILURE TO EFFECT SERVICE OF PROCESS*

As an initial matter, the court addresses Plaintiff's failure to effect service of process on five Defendants. On the court's own motion, the court gave Plaintiff until June 30, 2009, to effect service of process on Defendants. (Filing No. 11 at CM/ECF

p. 4.) The court warned Plaintiff that failure to effect proper service on each Defendant by June 30, 2009, could result in dismissal of the matter without further notice as to such Defendant. (*Id.*) Over one year has passed since the service deadline set by the court expired and Plaintiff has not effected service upon Tom Soontug, Stephen ONiel, Paul Schaub, Leanne Wiche, or Kendra Tiegiant. (*See* Docket Sheet.) Accordingly, Plaintiff's claims against these individuals are dismissed without prejudice.

## *DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT*

**I.  BACKGROUND**

Plaintiff Andrew Herzog filed his Complaint in this matter on January 5, 2009. (Filing No. 1.) On March 2, 2009, the court conducted an initial review of the Complaint and allowed Plaintiff's due process claim against Defendants in their individual capacities to proceed to service. (Filing No. 11.) Plaintiff filed requests to amend his Complaint on July 1, 2009, August 14, 2009, and August 18, 2009. (Filing Nos. 47, 51, and 53.) Plaintiff's first request to amend did not include any factual allegations but simply listed his claims, and his second requests to amend were never signed. Accordingly, the court determined that this matter could proceed only as set forth in the court's March 2, 2009, initial review. (Filing No. 76 at CM/ECF p. 1.) That is, the court determined that only Plaintiff's due process claim that Defendants forcibly medicated him could proceed. (*Id.* at CM/ECF p. 2.)

Liberally construed, Plaintiff alleges that Defendants forcibly medicated him in violation of his constitutional due process rights. (Filing No. 1 at CM/ECF p. 4.) Defendants filed Motions for Summary Judgment, arguing that they are entitled to qualified immunity. (Filing Nos. 109, 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, 140, 142, and 144.) Along with their Motions, Defendants filed an Index of Evidence and Briefs in Support. (Filing Nos. 110, 111, 113, 115,

117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, and 145.) Plaintiff did not file an opposition or any other response to Defendants' Motions. (*See* Docket Sheet.)

The Federal Rules of Civil Procedure and the court's Local Rules require that evidence in support of a motion for summary judgment be authenticated by affidavit. NECivR 7.0.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 N.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.").

Additionally, the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

The court has carefully reviewed the documents submitted by all parties. While Defendants submitted statements of material facts in accordance with the court's rules, Plaintiff has not. Further, Defendants submitted evidence that was

3

properly authenticated by affidavit. Plaintiff did not submit any response to Defendants' Motions. However, while this case has been pending, Plaintiff has submitted hundreds of pages of documentation that is not properly authenticated, even when liberally construed. Plaintiff apparently expects the court to sort through this documentation in order to determine what, if anything, supports his arguments. The court will not undertake such a task. On the whole, Plaintiff's evidentiary submissions do not constitute admissible evidence and certainly are not a "concise response to" Defendants' statements of material facts. Although the court must construe a pro se litigant's pleadings liberally, documents that do not comply with the Federal Rules of Civil Procedure and this court's Local Rules may not be considered. In light of this, the court adopts the following undisputed material facts set forth by Defendants.

## II.     RELEVANT UNDISPUTED FACTS[1]

1.     Plaintiff Andrew A. Herzog is a resident at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska.

2.     Plaintiff has been found to be a mentally ill person.

3.     At all relevant times, Linda Adams ("Adams") is and was a licensed registered nurse employed at NRC.

---

[1] As set forth in Defendants' Briefs, the actual names of the remaining Defendants are Linda Adams, Judith Anderson, TyLynne Bauer, Karen Bressler, Dale Clark, Dawn Collins, Dean Garver, Kristy Goetsch, Linda Hansen, Neil Heese, Beverly Lueshen, Monte Middleton, Melodie Nielsen, Annette Ottis, Julie Redwing, Diane Schumacher, Diane Synovec, and Joy Wieseler. The court will direct the Clerk of the court to update the court's records to reflect the actual names of these parties. For clarity, the court will use Defendants' actual names for purposes of this Memorandum and Order.

4.  At all relevant times, Judith Anderson ("Anderson") is and was a mental health security specialist employed at NRC.

5.  At all relevant times, TyLynne Bauer ("Bauer") is and was a facility operating officer employed at NRC.

6.  At all relevant times, Karen Bressler ("Bressler") is and was a licensed registered nurse employed at NRC.

7.  At all relevant times, Dale Clark ("Clark") is and was a mental health security specialist at NRC.

8.  At all relevant times, Dawn Collins ("Collins") is and was a licensed registered nurse at NRC.

9.  At all relevant times, Dean Garver ("Garver") is and was a mental health security specialist employed at NRC.

10. At all relevant times, Kristy Goetsch ("Goetsch") is and was a licensed mental health security specialist at NRC.

11. At all relevant times, Linda Hansen ("Hansen") is and was a licensed registered nurse at NRC.

12. At all relevant times, Neil Heese ("Heese") is and was a mental health security specialist at NRC.

13. At all relevant times, Beverley Lueshen ("Lueshen") is and was a licensed mental health practitioner employed at NRC.

14. At all relevant times, Monte Middleton ("Middleton") is and was a licensed registered nurse employed at NRC.

15. At all relevant times, Melodie Nielsen ("Nielsen") is and was a licensed registered nurse at NRC.

16. At all relevant times, Annette Ottis ("Ottis") is and was a licensed mental health security specialist at NRC.

17. At all relevant times, Julie Redwing ("Redwing") is and was a licensed registered nurse at NRC.

18. At all relevant times, Diane Schumacher ("Schumacher") is and was a licensed physician assistant at NRC.

19. At all relevant times, Diane Synovec ("Synovec") is and was a mental health security specialist at NRC.

20. At all relevant times, Joy Wieseler ("Wieseler") is and was a licensed registered nurse at NRC.

21. At no time did any Defendant force Plaintiff to take medications that he was allergic to.

22. At no time did any Defendant forcibly inject Plaintiff with medication he was allergic to.

23. At no time did any Defendant give Plaintiff an injection that he refused to take.

24. Plaintiff is not allergic to any of the medications he has received at NRC.

25. Plaintiff never informed Nurses Adams, Bressler, Collins, Hansen, Middleton, Nielsen, Redwing, or Wieseler that he was allergic to any shots they were going to give him.

26. Nurses Adams, Bressler, Collins, Hansen, Middleton, Nielsen, Redwing, or Wieseler administered shots to Plaintiff only pursuant to the order of a doctor.

(Filing Nos. 110, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, and 145.)

### III. ANALYSIS

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting

7

*Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Claims Against Defendants

Plaintiff brings his claims against Defendants in their individual capacities. Defendants argue that summary judgment in their favor is appropriate because they are entitled to qualified immunity. Qualified immunity shields governmental officials sued in their individual capacities from personal liability if their actions, even if unlawful, were nevertheless objectively reasonable in light of the clearly established law at the time of the events in question. *Anderson v. Creighton,* 483 U.S. 635, 638-41 (1987). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed. . . . The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Smithson v. Aldrich,* 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

Qualified immunity requires a two-part inquiry: (1) whether the facts shown by the plaintiff show a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *Nance v. Sammis,* 586 F.3d 604, 609 (8th Cir. 2009). If no reasonable fact finder could answer yes to both of these questions, the official is entitled to qualified immunity. (*Id.*) Courts may exercise their discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *Akins v. Epperly,*

588 F.3d 1178, 1183 (8th Cir. 2009) (citing *Pearson v. Callahan,* 129 S.Ct. 808, 818 (2009)).

Liberally construed, Plaintiff alleges that Defendants violated his Fourteenth Amendment substantive due process rights when they "assisted in allowing [him] to forcibly be injected with medications [he's] al[l]ergic to." (Filing No. 1 at CM/ECF p. 4.) Under the due process clause of the Fourteenth Amendment, involuntarily committed individuals have liberty interests entitling them to safety, freedom from bodily restraint, and adequate care while in confinement. *Youngberg v. Romeo*, 457 U.S. 307, 318-19 (1982). However, these rights are not absolute, and "[s]ubstantive due process offers only limited protections and only guards against the exercise of arbitrary and oppressive government power." *Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004) (quotation omitted). Indeed, to "rise to the level of a substantive due process violation," the conduct complained of "must be so egregious or outrageous that it is conscience-shocking." *Id.* (quotation omitted). Simple negligence "is categorically beneath the threshold" of a substantive due process violation. *Id.* (quotation omitted).

To determine whether an involuntarily committed patient has been deprived of adequate care, courts use the professional judgment standard established in *Youngberg*. *Youngberg*, 457 U.S. at 323; *see also Kulak v. City of New York*, 88 F.3d 63, 75 (2d Cir. 1996) (applying the professional judgment standard to an involuntarily committed patient's claim that hospital employees improperly medicated him and failed to monitor the effect of the medication). As set forth by the Eighth Circuit, in reliance on *Youngberg*:

> When professionals are sued in their individual capacity, the Supreme Court has declared that courts must balance "the liberty of the individual" against the relevant state interest in determining whether an involuntarily committed individual's constitutional rights have been violated. *Youngberg*, 457 U.S. at 324, 102 S.Ct. 2452. The Court has

9

> emphasized that "decisions made by the appropriate professional are entitled to a presumption of correctness . . . to enable institutions of this type-often, unfortunately, overcrowded and understaffed-to continue to function." *Id.* Because decisions made by a professional are presumptively valid, the Supreme Court explained "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323.

*Beck*, 377 F.3d at 890.

Here, Plaintiff alleges that Defendants "assisted in allowing" him to be forcibly injected with medication and he was allergic to the medication. (Filing No. 1 at CM/ECF p. 4.) It is unclear whether Plaintiff alleges that some or all Defendants actually participated in forcibly injecting him with medication, or whether they merely allowed it to happen. Regardless, the undisputed evidence is that no Defendant ever forced Plaintiff to take medication he was allergic to, no Defendant forcibly injected Plaintiff with medication he was allergic to, and no Defendant gave Plaintiff injections that he refused to take. (Filing Nos. 110, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, and 145.) Further, it is undisputed that Plaintiff is not allergic to any medication he received at NRC. (*Id.*) Based on these facts, the court cannot conclude that any action or inaction by Defendants was "so egregious and so outrageous as to shock the contemporary conscience." *See Beck*, 377 F.3d at 890. In short, there is simply no evidence of a deprivation of a constitutional or statutory right. Because Plaintiff has not established that Defendants violated his Fourteenth Amendment rights, there is no need to proceed with the second part of the qualified immunity analysis. Defendants are entitled to qualified immunity and the claims against them in their individual capacities are dismissed.

10

IT IS THEREFORE ORDERED that:

1. Defendants Adams, Anderson, Bauer, Bressler, Clark, Collins, Garver, Goetsch, Hansen, Heese, Lueshen, Middleton, Nielsen, Ottis, Redwing, Schumacher, Synovec, and Wieseler's Motions for Summary Judgment (filing nos. 109, 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, 140, 142, and 144) are granted. Plaintiff's claims against these Defendants in their individual capacities are dismissed with prejudice.

2. Plaintiff's claims against Tom Soontug, Stephen ONiel, Paul Schaub, Leanne Wiche, and Kendra Tiegiant are dismissed without prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. All other pending Motions are denied as moot.

5. The Clerk of the court is directed to update the court's records in this matter to reflect the actual names of the following Defendants: Lind Adams is actually Linda Adams, Judy Anderson is actually Judith Anderson, Tylenne Beurer is actually TyLynne Bauer, Karren Bressler is actually Karen Bressler, Dean Gaurber is actually Dean Garver, Kristy Granniger is actually Kristy Goetsch, Niel Hessie is actually Neil Heese, Beve Leution is actually Beverly Lueshen, Montey Midleton is actually Monte Middleton, Melody Winter is actually Melodie Nielsen, Dianne Schumaker is actually Diane Schumacher, Diane Synovic is actually Diane Synovec, and Joy Wiesler is actually Joy Wieseler.

11

DATED this 4th day of August, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.